IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| I.R., by Elizabeth Robinson and William Robinson, Individually and as Parents and Natural Guardians, : : : | |
| Plaintiff | : No. 1:10-CV-398 |
| | : |
| v. | : (JUDGE CONNER) |
| | : (MAGISTRATE JUDGE PRINCE) |
| FORREST MARSHALL PEIRCE, ET AL., : | |
| Defendants : | |

# **REPORT AND RECOMMENDATION**

## **I. Procedural Background**

Pursuant to an Order entered on September 10, 2010 (Doc. 21), the Honorable Thomas M. Blewitt referred the Defendant's pending Motion to Dismiss to the undersigned for the purpose of preparing a Report and Recommendation.

Plaintiff, I.R., by Elizabeth and William Robinson, individually and as parents and natural guardians, commenced this action by filing a complaint on March 10, 2008 in the Court of Common Pleas of Lackawanna County and subsequently filed an amended complaint on February 3, 2010, which added an allegation of a civil rights violation pursuant to 42 U.S.C. § 1983. Defendants removed the action to this court on February 23, 2010. (Doc. 1). The amended

complaint arises from injuries suffered by the minor Plaintiff while an evacuation drill was conducted aboard a school bus on September 20, 2006. Named as Defendants are Franklin Marshall Peirce ("Peirce"), Pocono Transportation, Inc. ("Pocono Transportation"), and North Pocono School District ("North Pocono").

On March 5, 2010, Defendant North Pocono filed a Motion to Dismiss Counts II (negligence) and III (civil rights) of the amended complaint (Doc. 5) and thereafter filed a Brief in Support of the Motion on March 18, 2010. (Doc. 7). Plaintiff field a Response to the Motion and a Brief in Opposition on April 1, 2010 (Docs. 8-9). Defendants Peirce and Pocono Transportation also filed a Response to the Motion and a Brief in Opposition to the Motion on April 1, 2010 (Docs. 14-15). The matter is now ripe for disposition. For the reasons that follow, it will be recommended that the Defendant's Motion to Dismiss be granted.

## II. Factual Background

According to the allegations of the amended complaint, on September 20, 2006, Plaintiff was 12 years old and a student in the seventh grade at North Pocono. He is legally blind and suffers from osteopetrosis, a condition making him more susceptible to injury. Plaintiffs allege that the school was aware of his conditions.

On that date, North Pocono arranged for a bus evacuation drill to take place.

Pocono Transportation, which was contracted to provide the bus transportation for the school district, was to conduct the drill. Peirce was a substitute driver for Pocono Transportation on that date and neither he nor Pocono Transportation were informed of Plaintiff's medical conditions. During the drill, students were instructed to exit through the rear door of the bus, which required them to jump approximately 3-4 feet. As a result of this jump, Plaintiff suffered injuries including fractures which required surgery.

The amended complaint asserts negligence claims against Pocono Transportation (Count I) and North Pocono (Count II) as well as a civil rights claim asserting the school district created a danger for the Plaintiff (Count III). The Defendant maintains that the amended complaint's negligence claim against North Pocono falls outside of the motor vehicle exception to immunity under the Pennsylvania's Political Subdivision Torts Claims Act. It further contends that Plaintiff has failed to state a claim of state created danger under §1983. Accordingly, the present Motion seeks dismissal of both Count II (negligence) and Count III (substantive due process).

**III. Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims that fail to assert a basis upon which relief can be granted. *See* FED. R.

CIV. P. 12(b)(6). When deciding a motion to dismiss for failure to state a claim, the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action." Id. The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). First, the court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. Innis v. Wilson, 2009 U.S. App. LEXIS 12424, *4-5 (3d Cir. 2009) (*citing* Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable

4

to legal conclusions." Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must then determine whether the complaint states a plausible claim for relief, which is a "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557-58 (2007)).

**IV. Discussion**

*(A) Negligence Claim against School District*

North Pocono asserts that the negligence claim asserted against it falls outside of the motor vehicle exception to immunity under Pennsylvania's Political Subdivsion Tort Claims Act ("PPSTCA"), 42 PA. CONS.STAT. § 8541, *et seq*. The State Tort Claims Act grants municipalities, municipal agencies, and municipal officers acting in their official capacity immunity from liability for all state law tort claims. Under the PPSTCA, local agencies such as school districts are given broad tort immunity. Sanford v. Stiles, 456 F.3d 298, 315 (3d Cir. 2006). There are some exceptions to the grant of governmental immunity under the Tort Claims Act, which includes liability arising from the operation of a motor vehicle. 42 Pa.

CONS.STAT. ANN. § 8542.[1]

Instantly, Defendant North Pocono alleges that the motor vehicle exception to immunity from liability does not apply to the present case because the exception requires the "operation" of the vehicle. Inasmuch as the school bus was parked, North Pocono maintains that the bus was not being operated and the exception is inapplicable. Plaintiffs and the co-Defendants assert that operation of the bus can be established through any movement and, particularly, the act of opening the rear door for the drill constitutes operation of the bus.

Pennsylvania courts have narrowly construed the exceptions to immunity based in the Act. Alston v. PW-Philadelphia Weekly, 980 A.2d 215 (Pa. Commw. 2009), *reconsideration en banc denied, appeal denied* 993 A.2d 901 (Pa. Commw. 2010); North Sewickley Twp. v. LaValle, 786 A.2d 325 (Pa. Commw. 2001), *appeal denied* 797 A.2d 918 (Pa. 2002) (operation of a vehicle requires

---

[1] The relevant provision, 42 Pa.C.S.A. § 8542(b)(1), states:

(b) Acts which may impose liability. The following acts by a local agency or any of its employees, may result in the imposition of liability of a local agency:
    (1) Vehicle Liability-The operation of any motor vehicle in the possession or control of the local agency....

movement of the vehicle, and when the vehicle is not moving, it is generally not considered to be in operation under the vehicle exception); Swartz v. Hilltown Twp. Volunteer Fire Co., 721 A.2d 819 (Pa. Commw.1998), *appeal denied* 745 A.2d 1227 (Pa. 1999) (movement of vehicle or its parts must be normally related to the operation of the vehicle for the vehicle liability exception to governmental immunity to apply); Tyree v. City of Pittsburgh, 669 A.2d 487 (Pa. Commw. 1995) (under vehicle exception to governmental immunity, it is "operation" of motor vehicle, which means putting vehicle, or some part of it, in motion, by local agency which must cause harm to plaintiff.); City of Philadelphia v. Melendez, 627 A.2d 234 (Pa. Commw. 1993) (claims involving parked vehicle are not actionable under vehicle exception to governmental immunity, since parked vehicle is not in operation.); Sonnenberg v. Erie Metropolitan Transit Authority, 586 A.2d 1026 (Pa. Commw. 1991) (bus, although stopped, was in "operation," within meaning of statutory exception to sovereign immunity applicable to "operation" of motor vehicle in possession or control of local agency, when bus' door struck and injured passenger.). In the present case, the bus was parked and not moving. Consistent with the case law on this issue, the amended complaint does not assert facts to establish that the bus was in "operation" so as to bring the negligence claim against the school district within the exception to immunity

granted by the PPSTCA.

Moreover, even assuming the act of opening the rear door constituted operation of the vehicle, the exception to immunity it not warranted where the jumping out of the rear door, not the act of opening it, that caused injury to the minor Plaintiff. *See* City of Philadelphia v. Love, 509 A.2d 1388, 1390 (Pa. Commw. 1986) ("We hold that the acts of entering into or getting out of a motor vehicle, for purposes of the Political Subdivision Tort Claims Act, do not constitute the operation of that vehicle."); *see also* Pena v. Com., No. 98-5610, 1999 WL 552775, *3 (E.D. Pa. June 24, 1999) (finding that the act of closing of the door of patrol car on plaintiff's leg does not constitute the operation of a vehicle within the meaning of the motor vehicle exception since the injuries alleged by Plaintiff were not connected to the operation of the patrol car.); Cacchione v. Wieczorek, 674 A.2d 773, 775 (Pa. Commw. 1996) (operation of a vehicle terminates when it is parked).

With respect to the real property exception to immunity raised by Defendants Pocono Transportation and Peirce, the court concludes that this argument is wholly without merit. Consequently, the court recommends that the Motion to Dismiss be granted in favor on North Pocono on Count II.

### (B) Civil Rights Claim against School District

Plaintiffs also bring a civil rights claim asserting that Defendants violated their substantive due process rights under a state-created danger theory. Plaintiffs' claim is bought pursuant to 42 U.S.C. § 1983, which provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id. Section 1983 imposes civil liability upon any person who, under color of state law, deprives someone of the rights, privileges, or immunities secured by the federal Constitution or the laws of the United States. Gruenke v. Seip, 225 F.3d 290, 298 (3d Cir. 2000). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989). To establish a Section 1983 claim, therefore, a plaintiff "must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation [violation of a right] was committed by a person acting under the color of state law." Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). In sum, Plaintiffs

seek to allege a substantive due process violation under the Due Process Clause of the Fourteenth Amendment. U.S. CONST. AMEND. XIV, § 1 ("nor shall any State deprive any person of life, liberty, or property, without due process of law").

There is an indisputable "constitutional liberty interest in personal bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment." Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008). This liberty interest is protected because "[t]he touchstone of due process is protection of the individual against arbitrary action of government." Stolzer v. City of Philadelphia, No. 03-0098, 2003 WL 22299251, at *2 (E.D. Pa. Sept. 30, 2003) (citing Wolff v. McDonnell, 418 U.S. 539, 558 (1974)). Notwithstanding that interest, the Due Process Clause places no positive obligation on the State to ensure the safety of, or otherwise affirmatively protect, its citizens. Phillips, 515 F.3d at 235 (citing DeShaney v. Winnebago County Dept. of Soc. Servs., 489 U.S. 189, 196-197 (1989)) (rejecting the view that the Constitution imposes "affirmative obligations" on the State, and holding that "the State cannot be held liable under the [Due Process] Clause for injuries that could have been averted had it chosen to provide them."). The reasoning that informs this conclusion is the original intent of the Due Process Clause. *See* DeShaney, 489 U.S. at 196 (observing that the Due Process Clause was designed "to protect the people from

the State, not to ensure that the State protected them from each other."); *accord* Jackson v. City of Joliet, 715 F.2d 1200, 1203 (7th Cir.1983) ("The Fourteenth Amendment . . . sought to protect Americans from oppression by state government, not to secure them basic governmental services.").

The Third Circuit recognized an exception to this rule when it adopted the state created danger theory. See Kneipp v. Tedder, 95 F.3d 1199, 1211 (3d Cir.1996) (holding "that the state created danger theory is a viable mechanism for establishing a constitutional claim under 42 U.S.C. § 1983."). Under this theory, "the state may assume responsibility for the safety of an individual for whom it affirmatively creates or enhances a risk of danger." Kaucher, 455 F.3d at 431. When the affirmative exercise of state authority either results in a citizen's injury or leaves a citizen more vulnerable to injury at the hands of a third party, the government contravenes the substantive due process protections of the Fourteenth Amendment. See Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. 2006) (quoting Schieber v. City of Phila., 320 F.3d 409, 416 (3d Cir. 2003)).

In order to establish a state-created danger claim, plaintiffs must allege four elements:

(1) the harm ultimately caused to the plaintiff was foreseeable and fairly direct;

(2) the state-actor acted in willful disregard for the plaintiff's safety with a degree of culpability that shocks the conscience;

(3) there was some relationship between the state and the plaintiff; and

(4) the state-actor used his authority to create an opportunity for danger that otherwise would not have existed.

Marvel v. County Of Delaware, No. 09-2838, 2010 WL 4017044, *3 (3d Cir. Oct. 14, 2010); Phillips, 515 F.3d at 235; *see also* Sanford v. Stiles, 456 F.3d 298, 304-05 (3d Cir. 2006). In its Motion to Dismiss, North Pocono alleges that Plaintiffs have failed to aver facts to establish these four elements.

*1. Foreseeablility*

The threshold issue is whether Plaintiffs have averred facts to give rise to a plausible inference that the harm ultimately caused to the minor Plaintiff was foreseeable and fairly direct. Howell v. Penn Township, Pa., No. 09-786, 2010 WL 1007868, *7 (W.D. Pa. March 15, 2010); *see also* Morse v. Lower Merion Sch. Dist., 132 F.3d 902 (3d Cir.1997). "[A]n awareness on the part of the state actors that rises to the level of actual knowledge or an awareness of risk that is sufficiently concrete to put the actors on notice of the harm" must be alleged. Phillips, 515 F.3d at 238.

North Pocono asserts that the injuries suffered by the minor Plaintiff were neither foreseeable not a fairly direct result of its actions. Plaintiffs contend,

12

however, that inasmuch as the school district was informed of Plaintiff's medical conditions, it was foreseeable that he could be injured in an unassisted jump of 3-4 feet. Given the allegations that the school district had knowledge of the minor Plaintiff's medical condition and also that it scheduled and directed the drill, aware that students would be jumping 3-4 feet from the back of a bus to the ground, the court agrees that Plaintiff has articulated facts to establish that the injuries were foreseeable. These facts are also sufficient to demonstrate that the injuries to the minor Plaintiff were fairly the direct result of the actions of the school district in conducting the drill, which required him to jump, without assistance, 3-4 feet from the back of the bus. Whether the school district or the transportation company, individually or in collaboration, conducted the drill need not be determined at this phase of the proceedings for purposes of this Motion.[2]

*2.   Willful Disregard*

With respect to the second element of a claim of state-created danger, this court has observed:

---

[2] North Pocono avers that it set the time, place and date for the drill to be conducted by Pocono Transportation, however it maintains that such drills were mandated in accordance with state law requiring two (2) school bus evacuation drills per school year. *See* 24 P.S. 15-1517.

13

> Liability under the state-created danger theory asks whether the state official acted in willful disregard for the plaintiff's safety, Phillips, 515 F.3d at 235, which requires that "a state actor acted with a degree of culpability that shocks the conscience." Bright, 443 F.3d at 281. Identifying conduct that shocks the conscience depends upon the circumstances present in each case, particularly the decision-making conditions under which the government actor proceeds. Sanford, 456 F.3d at 309-10. When an official acts in a " 'hyperpressurized environment,' an intent to cause harm is usually required.... [I]n cases where deliberation is possible and officials have the time to make 'unhurried judgments,' deliberate indifference is sufficient." Id. at 309.

D.N. ex rel. Nelson v. Snyder, 608 F.Supp.2d 615, 625 (M.D. Pa. 2009) (Conner, J.). The question, then, is whether, under the particular factual circumstances of the instant case, deliberate indifference or something more is sufficient to shock the conscience. Magwood v. French, 478 F.Supp.2d 821, 829 (W.D. Pa. 2007).

Instantly, the school district maintains that their actions do not rise to the level of "willful disregard" of Plaintiff's condition by having him participate in the bus evacuation drill. Plaintiffs contend, however, that North Pocono's failure to relay their knowledge of minor Plaintiff's medical conditions to Pocono Transportation coupled with it's failure to provide assistance to the Plaintiff in conducting the bus evacuation drill are sufficient allegations to meet this second prong of a state-created danger claim.

The obvious purpose for conducting a bus evacuation drill is to educate and

to ensure the safe exit of occupants from a school bus in an emergency. As a matter of law, however, such actions or inactions, do not rise to the level of deliberate indifference and, at most, amount to negligence. No reasonable fact-finder could determine any actions by the school district to be conscience-shocking. Consequently, Plaintiff has failed to allege sufficient facts to establish the second element of a state-created danger claim.

   *3. Relationship*

Under the third element, a plaintiff is required to allege that "a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's action, as opposed to a member of the public in general." Bright, 443 F.3d at 281 (internal citations and quotation marks omitted); Morse, 132 F.3d at 912 (holding that the court must ascertain whether the plaintiff "was a foreseeable victim of the defendant's acts in a tort sense" (quoting Kneipp, 95 F.3d at 1209 n. 22)); *see also* Phillips, 515 F.3d at 242 ("The relationship that must be established between the state and the plaintiff can be 'merely' that the plaintiff was a foreseeable victim, individually or as a member of a distinct class."). This "relationship" element of the state-created danger basis for alleging a constitutional violation does not require the same showing as the

"special relationship" basis for constitutional liability. Morse, 132 F.3d at 912. Although the plaintiff is not a foreseeable victim if the state actors create a threat to the general population only, the threat does not have to be against a specific individual. Id. at 913. Rather, there is a relationship between the state and the plaintiff under a state-created danger theory "if the plaintiff was a member of a discrete class of persons subjected to the potential harm brought about by the state's actions." Id.

Although the relationship between a school and its students is generally insufficient to meet the definition of "relationship" for purposes of establishing a state-created danger claim, Plaintiffs argue that the sufficient facts have been alleged to support the existence of a relationship between the Plaintiff and North Pocono. *See* Hillard v. Lampeter-Strasburg School Dist., No 03-2198, 2004 WL 1091050, *6 (E.D. Pa. May 13, 2004) (the school district's connection with plaintiff too remote inasmuch as plaintiff was one of many students at large for which they had general responsibility and their actions cannot not be said to have been directed at plaintiff). Nonetheless, because the school district was aware that the minor Plaintiff was disabled and he was given an Individual Education Plan ("IEP"), Plaintiffs argue that the minor Plaintiff is within a distinct class of persons subjected to harm. *See* Taylor v. Altoona Area School Dist., 513 F. Supp.

16

2d 540, 568 (W.D. Pa. 2007) ("[T]he fact that [the student] had been identified as a disabled child, and given an IEP to address his disability, placed him within a discrete class of persons potentially subjected to harm as a result of the Defendants' actions"). Concluding that Plaintiffs could offer evidence sufficient to establish that a relationship existed between the Plaintiff and the school district, they have stated facts to satisfy the third factor of a state-created danger claim.

### 4. *Affirmative Action*

To satisfy the fourth element, whether there was an affirmative act by the defendant(s), a plaintiff must prove three additional facts:

(1) a state actor exercised his or her authority,

(2) the state actor took an affirmative action, and

(3) this act created a danger to the citizen or rendered the citizen more vulnerable to danger than if the state had not acted at all.

Zi Z. Ye v. United States, 484 F.3d 634, 639 (3d Cir. 2007). Because it is the "misuse of state authority, rather than the failure to use it," that establishes the basis for substantive due process liability, a plaintiff must allege an affirmative act on the part of the state actor. Id. The determinative inquiry is not whether conduct is properly characterized as an affirmative act or omission, but whether state action has placed the plaintiff in a foreseeably dangerous position. *See* id. at

17

283 n. 7 (citing and explaining Morse, 132 F.3d at 915); *see also* Gremo v. Karlin, 363 F.Supp.2d 771, 789 (E.D. Pa. 2005) (explaining that the operative question is whether the defendants "used their authority . . . to create a dangerous situation or to make [plaintiff] more vulnerable to danger had [the defendants] not intervened" (alterations in original) (quoting Kneipp, 95 F.3d at 1209)).

While the school district asserts that there is no affirmative act it took which created a danger, Plaintiffs contend that it has alleged affirmative actions by averring that Defendant scheduled the drill, conducted the drill and failed to provide assistance to the minor Plaintiff in executing the drill. As noted above, however, the bus evacuation drill was conucted in accordance with state law, which provides, in part:

> All schools using or contracting for school buses for the transportation of school children shall conduct on school grounds two emergency evacuation drills on buses during each school year, the first to be conducted during the first week of the first school term and the second during the month of March, and at such other times as the chief school administrator may require. Each such drill shall include the practice and instruction concerning the location, use and operation of emergency exit doors and fire extinguishers and the proper evacuation of buses in the event of fires or accidents.

24 P.S. § 15-1517 (d). Given this provision, the school district was obligated to conduct the drill with little, if any, discretion as to the time and manner. Indeed, the drill cannot be said to involve an affirmative action by the school district.

Plaintiffs have not, therefore, put forth facts to establish the fourth prong of a state-created danger claim.

While the failure to render assistance to the minor Plaintiff in conducting the bus evacuation drill may amount to negligence on the part of the school district, Plaintiffs can only arguably establish two of the four factors under a state-created danger theory, *to wit.*, foreseeability and a relationship. Because they are unable to also establish willful disregard and an affirmative action, the state-created danger claim fails. Consequently, it is recommended that Count III be dismissed with respect to the Defendant North Pocono.[3]

**V. Recommendation**

Based on the foregoing, it is respectfully recommended that Defendant's Motion to Dismiss the Amended Complaint (Doc. 5) be granted.

Date: November 1, 2010          s/ William T. Prince
                                William T. Prince
                                United States Magistrate Judge

---

[3] While Plaintiffs have sought leave to amend as an alternative to their position in opposition to the Defendant's Motion to Dismiss, given that nature of these claims, the fact that the case was filed well over two years ago and that significant discovery has already been conducted, the court concludes that amendment would be both futile and prejudicial.

19