IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| I.R., by Elizabeth Robinson and William Robinson, individually, and as Parents and Natural Guardians,<br>        Plaintiff | : : : : : | CIVIL ACTION NO. 3:10-CV-398<br><br>(Judge Conner) |
| v. | : : | |
| FORREST MARSHALL PEIRCE, POCONO TRANSPORTATION, INC., and NORTH POCONO SCHOOL DISTRICT,<br>        Defendants | : : : : : : | |

## **MEMORANDUM**

Presently before the Court are plaintiffs' objections to the November 1, 2010, Report and Recommendation (Doc. 24) of the Honorable William T. Prince. For the reasons that follow, the Report will be adopted in part and rejected in part.

The facts are properly recounted in Judge Prince's Report and incorporated by reference. Several facts deserve emphasis and reiteration. First, I.R. suffers from osteopetrosis, a debilitating condition which "is a congenital disease that prevents formation of bond marrow and results in abnormal bone development, blindness, stunted growth (patient usually stops at age eight or ten), abnormal dental development and fragile bones . . . ." (Doc. 2, ¶ 8, 25-3, p. 175). Second, North Pocono was well aware of I.R.'s condition and frailty. (Doc. 2, ¶ 38). Third, the amended complaint clearly alleges a complete absence of communication between North Pocono and the Robinsons about I.R.'s participation in a fire drill, as well as a complete absence of communication between North Pocono and Pocono Transportation about I.R.'s osteopetrosis. (Doc. 2, ¶¶ 36-37). Fourth, North Pocono

failed to provide any assistance to I.R. and failed to provide any teacher supervision for the benefit of I.R. during the fire drill (Doc. 2, ¶¶ 32-34). Indeed, despite his obvious limitations, I.R. was required to leap downward from the rear of the school bus a distance of three to four feet. (Doc. 2, ¶¶ 30-31). Plaintiffs also allege that North Pocono unilaterally scheduled the date, time and place of the fire drill. (Doc. 2, ¶ 29).

The court concludes that these allegations sufficiently describe "conscience shocking" acts or omissions on the part of North Pocono. This claim, as alleged, reflects conduct that, if proven, rises above mere negligence to the level of egregious administrative oversight in utter disregard of I.R.'s perilous condition. Moreover, the allegations sufficiently describe North Pocono's affirmative actions, i.e. use of authority, in deciding the time, place and *manner* of the drill. The court emphasizes that this decision must be viewed in light of the procedural posture of the present motion, and it does not reflect the court's adoption of the plaintiffs' allegations. To be clear, the court finds that the Robinsons have properly plead *prima facie* elements of a state created danger claim and that this cause of action should be the subject of full discovery in accordance with the Rules of Civil Procedure.

For the foregoing reasons, the Report and Recommendation (Doc. 24) of Magistrate Judge Prince will be granted in part and rejected in part. The court will adopt the Report and Recommendation with respect to the negligence claim against North Pocono. The Report and Recommendation will be rejected in all other respects for the reasons hereinabove set forth.

2

An appropriate order follows.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

Dated:     January 5, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| I.R., by Elizabeth Robinson and William Robinson, individually, and as Parents and Natural Guardians, : : : Plaintiff : : v. : : FORREST MARSHALL PEIRCE, : POCONO TRANSPORTATION, INC., : and NORTH POCONO SCHOOL : DISTRICT, : Defendants : | CIVIL ACTION NO. 3:10-CV-398 (Judge Conner) |

## **O R D E R**

AND NOW, this 5th day of January, 2011, upon consideration of the Report and Recommendation of the magistrate judge (Doc. 24), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 24) is ADOPTED in part and REJECTED in part as follows:

    a. The report is ADOPTED with respect to the negligence claim against North Pocono.

    b. The report is REJECTED in all other aspects.

2. The above-captioned case is REMANDED to Magistrate Judge Mannion for further proceedings.

                                                        S/ Christopher C. Conner
                                                        CHRISTOPHER C. CONNER
                                                        United States District Judge