# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| I.R. by Elizabeth Robinson and William Robinson, individually, and as Parents and natural guardians,<br><br>**Plaintiffs**<br>v.<br><br>**FORREST MARSHALL PEIRCE, POCONO TRANSPORTATION, INC.,** and **NORTH POCONO SCHOOL DISTRICT**<br><br>**Defendants** | 3:10-CV-398<br>(JUDGE MARIANI) |

## MEMORANDUM OPINION

### Introduction

Before the Court is the Motion for Reconsideration filed by Defendants Peirce and Pocono Transportation, Inc. (Doc. 67) of the Court's Order (Doc. 66) *sua sponte* granting summary judgment in favor of Plaintiffs and finding the above defendants liable for I.R.'s injuries. For the reasons that follow, the Court will grant the motion in part and deny it in part.

### Analysis

For the Court to grant the Motion for Reconsideration, Defendants bear the burden of showing one of the following three grounds for relief: (1) there has been an intervening change in controlling law; (2) evidence not previously available has been discovered; or (3)

there is a need to correct a clear error of law or to prevent a manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

Under Pennsylvania law, a plaintiff must prove the following elements to prevail on a negligence claim: (1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such breach caused the injury in question; and (4) the plaintiff incurred actual loss or damage. *Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011).

## Duty and Breach

The basis for the Court's decision to grant summary judgment *sua sponte* in favor of Plaintiffs was the absence of any genuine issues of material fact as to whether Defendant Peirce met his heightened duty of care as a common carrier for school-children. *See Lebanon Coach Co. v. Carolina Cas. Ins. Co.*, 675 A.2d 279, 291 (Pa. Super. Ct. 1996) (citing *Vogel v. Stupi*, 53 A.2d 542, 545 (Pa. 1947)). At oral argument, counsel for Defendants agreed that Defendants Peirce and Pocono Transportation, Inc. owed Plaintiff I.R. a heightened duty of care,[1] but counsel argued that there was a genuine issue of material fact as to whether Defendants had breached that duty of care.

The Court finds this argument meritless. Not only did Peirce admit that he failed to abide by the guidelines contained in the Pennsylvania School Bus Driver's Manual (Doc. 56, Ex. B) which recommends that a bus driver "[w]alk to the rear of the bus and face [the] rear

---

[1] "Your Honor, we accept and acknowledge the Court's comment that, as a bus company, we have a higher duty to make certain that the people we transport, especially children, are given the highest duty of care and safety." (Unofficial transcript of Dec. 19, 2012 Oral Argument ("Unoff. Tr."), at 2:1-4).

2

door" during a "Rear Emergency Door Evacuation Drill," (*id.* at H-14, ¶ 5) and excuse students from participating in the drill if they would have difficulty completing it (*id.* at H-14, 15, ¶ 11), he also did not comport with the local school district's standards as stated by Anne Marie Strempek, the school district's Director of Transportation. She testified that it is the school district's policy for a driver to "be at the front of the bus where the driver sits and, you know, he'll instruct them to start getting off, and then he'll walk to make sure that they're all, you know, safe and out of the bus." (Strempek Dep., Doc. 43, Ex. C, 27:12-15). She clarified, "[u]sually they stay in the front and walk as the children are exiting the bus." (*Id.* at 27:23-24). Peirce himself testified that he remained stationary at the front of the bus during the entirety of the drill until he learned about Plaintiff I.R.'s injury. Peirce was "right up in the front of the bus by the driver's seat" when "[s]ome of the other students" told him that "one of the students was hurt in the back." (Peirce Dep., Doc. 56, Ex. A, at 26:18-25). He then "went out the front door and went to the back of the bus" to see what had happened. (*Id.* at 27:2-3).

There is no testimony on the record from which the Court could determine any other sequence of events. By all accounts, Peirce's conduct fell below both the Manual's and Director Strempek's standards, and counsel for Defendants could point to no other standard of care which Peirce purportedly met which would create a genuine issue of material fact as to whether Peirce breached his duty of care. (Unoff. Tr., at 5-7, 18). The absence of any genuine issue of material fact was the foundation for the Court's conclusion that Plaintiffs

3

were entitled to summary judgment, not that Defendants were negligent *per se* or negligent as a matter of law. Therefore, because there exist no genuine issues of material fact that Defendants breached their heightened duty of care to Plaintiff I.R., the Court will deny Defendants' motion for reconsideration as to whether Defendants breached their duty of care.

## Causation and Damages

However, the Court will amend its decision to reflect that there remain questions as to whether Defendants' conduct was the proximate cause of Plaintiff I.R.'s injuries and whether there were any other contributing causes of Plaintiff I.R.'s injuries. At oral argument, counsel for Defendants argued in the alternative that this Court's ruling had found Defendants Peirce and Pocono Transportation, Inc. not only negligent, but also liable, thereby foreclosing any opportunity for Defendants to argue to the jury that Plaintiff I.R.'s parents were comparatively negligent[2] in failing to inform them about Plaintiff I.R.'s physical limitations. A jury could so find that Plaintiffs were comparatively negligent and reduce Defendants' percentage of fault and damages accordingly.

Plaintiffs' sole argument against this alternative theory is that Defendants waived it by failing to raise it in their moving papers for summary judgment and raising it for the first

---

[2] 42 Pa. Cons. Stat. § 7102:

In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

4

time at oral argument.[3] However, when Defendants moved for summary judgment, their primary argument was that they owed no duty of care to Plaintiff I.R., and if they did owe a duty, they did not breach it. (*See generally*, Doc. 45). Defendants were not opposing a motion for summary judgment in which causation and Plaintiffs' potential comparative negligence were at issue, so the Court does not find that Defendants waived these arguments. Had Plaintiffs moved for summary judgment and Defendants failed to raise genuine issues of material fact with respect to causation and comparative negligence, the outcome would be different. See *Morgan v. Covington Twp.*, 648 F.3d 172, 179 (3d Cir. 2011) ("we agree that Morgan failed to object to [Covington's defense] at summary judgment, and thereby waived his objection."). In this situation, however, the Court will not find a waiver where doing so would result in manifest error.

The Court agrees with Defendants that it was error to find them liable for Peirce's conduct instead of limiting its finding to a breach of their duty of care to Plaintiff I.R. and will amend its ruling accordingly.

## Conclusion

For all of the above reasons, the Court will grant in part and deny in part Defendants' Motion for Reconsideration. (Doc. 67). The Court's previous finding that Defendants breached their heightened duty of care to Plaintiff I.R. stands. The questions of whether Defendants' conduct was the proximate cause of Plaintiff I.R.'s injuries and whether I.R.'s

---

[3] "And certain of the arguments that the defense raises actually are waived, as they did not raise those in their initial motion, I believe, causation, I believe I may mistake -- but apportionment, I believe that was not argued in their original motion." (Unoff. Tr., at 21:7-11; 22:12-17).

5

parents were comparatively negligent in failing to inform Peirce about I.R.'s physical limitations will be submitted to the jury. A separate Order follows.

                                                      /s/ Robert D. Mariani
                                                    Robert D. Mariani
                                                    United States District Court Judge